RECEIVED/FILED
12:50 a.m./p.m.

SEP 13 2024

CLERK
U.S. BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH DAKOTA

In re:                                  )   Bankr. No. 24-50074
William Louis Rivett                    )   Chapter 13
                                        )
                                        )
SSN/ITIN xxx-xx-5788                    )   PLAN DATED September 3, 2024
                                        )
        Debtor.                         )

## Part 1. Notice of Certain Items

The following items may be of particular importance to some creditors. Creditors and other parties in interest are given notice of them pursuant to Federal Rule of Bankruptcy Procedure 3015.1.

| 1.1 | Nonstandard provisions. | ☐ Included in Part 8 | X Not Included |
|---|---|---|---|
| 1.2 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included in Part 5.3 | X Not Included |
| 1.3 | Avoidance of a judicial lien or a nonpossessory, nonpurchase money security interest on property claimed exempt. | ☐ Included in Part ___ | X Not Included |

## Part 2. Plan Term and Debtor's Payments to Trustee

**2.1 Plan term.** Debtor will make the first plan payment on or before November 5, 2024 and the last plan payment on or before October 5, 2029.

**2.2 Debtor's payments to the trustee.** Debtor will pay $ 706.00 per month to the chapter 13 trustee for 60 months, for a total of $42,357.

During the plan term, Debtor will give the trustee a copy of each federal income tax return at the same time the return is filed. Debtor will also turn over to the trustee any federal income tax refunds Debtor receives, after any statutory set-off by the Internal Revenue Service, for tax years 2024, 2025, 2026, 2027, and 2028.

Debtor also commits to the plan any disposable income, as defined by 11 U.S.C. § 1325(b)(2), that Debtor receives during the plan term.

## Part 3. Treatment of Administrative Expenses and Other Priority Claims

**3.1 Trustee fees.** The trustee's fees will be paid from Debtor's plan payments, including any tax refunds or disposable income committed to the plan, at the rate provided by 11 U.S.C. § 326(b) and 28 U.S.C. § 586(e).

**3.2 Debtor's attorney fees.**
    X *No such claim owed.*

After Debtor's attorney files and gives notice of a fee application, the Court will enter an order awarding the attorney fees consistent with 11 U.S.C. § 330. The attorney fees awarded will be paid as follows:

| Estimated total fees paid through plan | Estimated payments |
|---|---|
| $_____ | $_____ per month for ___ months beginning _____ ___, 20___. |

If the Court awards fees that total less than the estimate above, unsecured creditors may receive a distribution that is more than the estimate set forth in Part 6. If the Court awards fees that total more than the estimate above, Debtor may file a motion to modify the confirmed plan to provide for those additional fees. If the Court approves the modification, unsecured creditors may receive a distribution that is less than the estimate set forth in Part 6. The actual amount of the monthly installment will be calculated by the trustee based on the Court's fee order.

**3.3 Domestic support obligations to be paid in full.**
    X *No such claim owed.*

The allowed priority claims listed below are based on domestic support obligations that have *not* been assigned to a governmental unit or are *not* owed to a governmental unit. Debtor is current on these obligations, and Debtor will continue

to directly pay these claims in full as they become due.

| Brief description of claim | Total claim | Amount to be paid during plan term |
|---|---|---|
| _____ | $_____ | $_____ at $_____ per month. |
| _____ | $_____ | $_____ at $_____ per month. |

**3.4  Domestic support obligations assigned to or owed to a governmental unit and that may be paid *less than* the full amount.**
 X *No such claim owed.*

The allowed priority claims listed below are based on domestic support obligations that have been assigned to or are owed to a governmental unit. During the plan term, each may be paid less than the full amount of the claim pursuant to 11 U.S.C. § 1322(a)(4) through disbursements by the trustee.

| Name of governmental unit | Total claim | Monthly payment | Number of payments and date payments begin |
|---|---|---|---|
| _____ | $_____ | $_____ | __ _____ __, 20__ |
| _____ | $_____ | $_____ | __ _____ __, 20__ |

**3.5  Other priority claims.**
 *No such claim owed.*

The priority claims under 11 U.S.C. § 507 listed below will be paid in full during the plan term, without interest, through disbursements by the trustee:

| Name of creditor | Priority claim | Monthly payment | Number of payments and date payments begin |
|---|---|---|---|
| _____ | $_____ | $_____ | __ _____ __, 20__ |
| _____ | $_____ | $_____ | __ _____ __, 20__ |

3

## Part 4. Executory Contracts and Unexpired Leases

### 4.1 Assumptions.
  X *None to assume.*

Debtor assumes the executory contracts and unexpired leases listed below. The trustee will make any arrearage payments specified. Debtor will make the remaining current installment payments.

| Name of lessor or other party to contract | Description of leased property or subject of executory contract | Arrearage, if any, and payment terms | Current installment terms |
|---|---|---|---|
| _____ | _____ | $_____ total, at $____ per month for __ months | $_____ per month for __ months |
| _____ | _____ | $_____ total, at $____ per month for __ months | $_____ per month for __ months |

### 4.2 Rejections.
  ☐ *None to reject.*

Debtor rejects the following executory contracts and unexpired leases. Any claim arising from a rejection will be treated as a general unsecured claim in Part 6.

| Name of lessor or other party to contract | Description of leased property or subject of executory contract |
|---|---|
| _____ | _____ |
| _____ | _____ |

4

## Part 5. Treatment of Secured Claims

### 5.1 Claims secured only by Debtor's principal residence.
X *No such claim owed.*

Description: [insert legal description and any street address of principal residence].

Any arrearage on the claim(s) listed below will be paid in full during the plan term through disbursements by the trustee, with interest, if any, at the rate stated. If there is no arrearage, "none" is inserted. Debtor will make the current installment payments to the creditor(s) during the plan term and thereafter, as may be necessary. Unless otherwise stated, the balance owed and Debtor's current installment payments, as to the amount, the rate of interest, and the length of the repayment term, will be consistent with the written agreement between Debtor and the creditor and may occasionally change pursuant to the agreement's terms.

Unless otherwise ordered by the Court, the amount of the arrearage and the balance owed stated below are controlling and, if the value of the creditor's collateral exceeds the amount of its allowed claim, the balance owed includes interest and other allowances provided by 11 U.S.C. § 506(b), unless the creditor has otherwise agreed.

A creditor listed below will retain its lien or other encumbrance on the collateral stated until the creditor's claim is paid in full pursuant to the written agreement between Debtor and the creditor, at which time the lien or other encumbrance will terminate and shall be promptly released by the creditor.

If the Court grants a creditor listed below relief from the automatic stay regarding the Debtor's principal residence, then, unless otherwise ordered by the Court, the trustee's payments to that creditor under this part will cease.

| Name of creditor | Arrearage, if any, and payment terms ["none" inserted if no arrearage] | Balance, excluding any arrearage, and current installment terms |
|---|---|---|
|  | $_____ at $_____ per month for 60 months, which includes interest at 0%. | month for __ months, which includes interest at agreement rate. |
| _____ | $_____ at $_____ per month for __ months, which includes interest at ____%. | $_____ at $_____ per month for __ months, which includes interest at agreement rate. |

5

**5.2 Claims fully secured by real or personal property, excluding claims in Parts 5.1 and 5.4.**
   *No such claim owed.*

Any arrearage on the claim(s) listed below will be paid in full during the plan term through disbursements by the trustee, with interest, if any, at the rate stated. If there is no arrearage, "none" is inserted. Debtor will make the current installment payments to the creditor(s) during the plan term and thereafter, as may be necessary. Unless otherwise stated, the balance owed and Debtor's current installment payments, as to the amount, the rate of interest, and the length of the repayment term, will be consistent with the written agreement between Debtor and the creditor and may occasionally change pursuant to the agreement's terms.

Unless otherwise ordered by the Court, the amount of the arrearage and the balance owed stated below are controlling and, if the value of the creditor's collateral exceeds the amount of its allowed claim, the balance owed includes interest and other allowances provided by 11 U.S.C. § 506(b), unless the creditor has otherwise agreed.

A creditor listed below will retain its lien or other encumbrance on the collateral stated until the creditor's claim is paid in full pursuant to the written agreement between Debtor and the creditor, at which time the lien or other encumbrance will terminate and shall be promptly released by the creditor.

If the Court grants a creditor listed below relief from the automatic stay regarding the collateral described below, then, unless otherwise ordered by the Court, the trustee's payments to that creditor under this part will cease.

| Name of creditor and description of collateral | Arrearage, if any, and payment terms ["none" inserted if no arrearage] | Balance, excluding any arrearage, and current installment terms |
|---|---|---|
| Auto Loan Acceptance | $18,000 at $300 per month for __ months, which includes interest at ____%. | $18000 at $_700 per month for 24 months, which includes interest at agreement rate. |
| | $_____ at $_____ per month for __ months, which includes interest at ____%. | $_____ at $_____ per month for __ months, which includes interest at agreement rate. |

6

**5.3 Claims partially secured by real or personal property as provided by 11 U.S.C. § 506(a).**

    X *No such claim owed.*

A creditor listed below will be paid, pursuant to 11 U.S.C. § 506(a), the secured portion of its claim to the extent of the value of its collateral. The secured portion will be paid through installment payments with interest, if any, at the rate stated. During the plan term, the installment payments will be made by the trustee. After the plan term, any remaining installment payments will be made by Debtor directly to the creditor. A creditor listed below as having a secured claim will retain its lien or other encumbrance on the collateral stated until the secured claim is paid in full, at which time the lien or other encumbrance will terminate and shall be promptly released by the creditor.

The unsecured portion of a claim held by a creditor listed below will be paid by the trustee under Part 6. If the collateral securing a claim is valued at zero, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 6.

Unless otherwise ordered by the Court, the amount of the creditor's total claim and the value of the creditor's collateral stated below are controlling.

If the Court grants a creditor listed below relief from the automatic stay regarding the collateral described below, then, unless otherwise ordered by the Court, the trustee's payments to that creditor under this part will cease.

| Name of creditor and description of collateral | Value of collateral | Total amount of senior encumbrances | Amount of unsecured claim | Amount of secured claim and payment terms |
|---|---|---|---|---|
| _____ _____ _____ | $_____ | $_____ | $_____ | $_____ at $_____ per month for ___ months, which includes interest at ____%. |
| _____ _____ _____ | $_____ | $_____ | $_____ | $_____ at $_____ per month for ___ months, which includes interest at ____%. |
| _____ _____ _____ | $_____ | $_____ | $_____ | $_____ at $_____ per month for ___ months, which includes interest at ____%. |

7

### 5.4 Secured claims excluded from 11 U.S.C. § 506.
X *No such claim owed.*

A creditor listed below holds a claim that either was incurred within 910 days before the petition date and is secured by a purchase money security interest in a motor vehicle acquired for personal use or was incurred within one year of the petition date and is secured by a purchase money security interest in any thing of value. These claims will be paid in full pursuant to the written agreement between Debtor and the creditor. During the plan term, the installment payments will be made by the trustee. After the plan term, any remaining installment payments will be made by Debtor directly to the creditor. A creditor listed below will retain its lien or other encumbrance on the collateral stated until the claim is paid in full, at which time the lien or other encumbrance will terminate and shall be promptly released by the creditor. Unless otherwise ordered by the Court, the claim amounts stated below are controlling.

If relief from the automatic stay is granted to a secured creditor listed below as to the collateral described below, then, unless otherwise ordered by the Court, the trustee's payments to that creditor under this part will cease.

| Name of creditor and description of collateral | Total claim | Current installment term |
|---|---|---|
| _____ _____ | $_____ | $_____ per month for _____ months. |
| _____ _____ | $_____ | $_____ per month for _____ months. |

### 5.5 Surrender of collateral and relief from stay; continuation of co-debtor stay.
X *No collateral to be surrendered.*

Debtor elects to surrender to the creditor(s) listed below the collateral that secures that particular creditor's claim. Pursuant to Debtor's request, upon confirmation of this plan, a creditor listed below is given relief from the automatic stay imposed by 11 U.S.C. § 362(a) to exercise the creditor's nonbankruptcy law remedies regarding the collateral described below. The co-debtor stay will remain in place unless and until the creditor seeks and obtains relief from the co-debtor stay pursuant to 11 U.S.C. § 1301(c) and Bankr. D.S.D. R. 4001-4. Unless otherwise ordered by the Court, any allowed unsecured claim resulting from the disposition of the collateral will be treated under Part 6 upon the creditor's filing of a proof of claim or an amended proof of claim setting forth the amount of the unsecured claim.

| Name of creditor | Description of collateral being surrendered |
|---|---|
| _____ | _____ |
| _____ | _____ |

8

## Part 6. Treatment of Unsecured, Nonpriority Claims

☐ *No such claim owed.*

After making the disbursements described in Parts 3, 4.1, and 5, the trustee will distribute the balance of the plan payments and other funds received from Debtor, including any tax refunds and disposable income committed to the plan, to creditors holding unsecured, nonpriority claims who timely file a proof of claim on or before the deadline established by Federal Rule of Bankruptcy Procedure 3002(c). If a creditor holding an unsecured, nonpriority claim receives appropriate notice of the case but fails to timely file a proof of claim, that creditor's claim will be discharged to the extent set forth in 11 U.S.C. § 1328(a) when Debtor completes all plan payments. If all unsecured, nonpriority creditors known to Debtor timely file proofs of claim, each creditor holding an unsecured, nonpriority claim will receive approximately __100__ % of its allowed claim.

Attached to this plan as Exhibit B and incorporated by reference is Debtor's liquidation analysis showing the total payments under this section to creditors holding unsecured, nonpriority claims will be at least as much as these creditors would receive if Debtor's nonexempt assets were liquidated in a case under chapter 7 of the bankruptcy code.

## Part 7. Other Provisions

**7.1 Property of the estate.** Unless otherwise ordered by the Court, property of the bankruptcy estate will vest with Debtor upon confirmation of the plan.

**7.2 Changes in Debtor's income and expenses.**
   X *No post-petition changes in income or expenses.*

Since the petition date, Debtor's income and expenses have changed. These changes are reflected in the proposed plan payments. Debtor has filed a Supplement Schedule I and a Supplement Schedule J reflecting these changes. A copy may be viewed on the Court's docket or obtained by request from Debtor's attorney, whose contact information is provided below.

**7.3 Taxes.** During the plan term, Debtor will timely file all tax returns required by any governmental entity and will provide a copy of each return to the trustee at the same time the return is filed. During the plan term, Debtor will also pay when due any tax imposed by any governmental entity.

## Part 8. Nonstandard Provisions

X *None.*

A nonstandard provision is a provision not otherwise included in Appendix 3A of the local bankruptcy rules for the District of South Dakota. Pursuant to Federal Rules of Bankruptcy Procedure 3015(c) and 3015.1(e)(1), nonstandard provisions are set forth in this part only. Any nonstandard provision set forth elsewhere in this plan is ineffective. This plan includes the following nonstandard provisions:

_____
_____
_____

## Part 9. Signatures of Debtor and Attorney for Debtor

*By signing and filing this plan, Debtor, if not represented by an attorney, or the attorney for Debtor certifies the plan does not contain any nonstandard provisions other than any set forth in Part 8.*

Dated: 09-03, 2024

X _William Rivett_ (signature)
Debtor's Signature

_William_Rivett_____
Debtor's Name (typed)

Dated: _____ __, 20__.

X_____
Debtor's Attorney's Signature

_____
_____
_____

Debtor's Attorney's Name
and Contact Information (typed)

Dated: _____ __, 20__.

11

## Exhibit A. Summary of Debtor's Payments to Trustee and Trustee's Disbursements

### A.1 Debtor's payments to trustee under plan.

| | |
|---|---|
| $641.78 per month for 60 months, for a total of | $42,357(gross) |
| Less trustee's fee (approx. 9.091% of gross) | $ 3,850 |
| Available for distribution | $38,507 |

Debtor has also committed tax refunds for tax years 2024, 2025, 2026, 2027, and 2028 and disposable income from October 2024 through October, 2029 to plan payments, which may increase the funds available for distribution.

### A.2 Trustee's total disbursements under plan.

| | | |
|---|---|---|
| Administrative expenses | attorney for Debtor | $0 |
| | $_____ | |
| Other priority claims (listed by creditor) _____ | $_____ | |
| _____ | $_____ | |
| _____ | $_____ | |
| Leases and executory contract arrearage payments (listed by lessor or other party to contract) | | |
| _____ | $_____ | |
| _____ | $_____ | |
| _____ | $_____ | |
| Secured claims arrearage payments (listed by creditor) | Auto Loan Acceptance | $300.00 |
| _____ | $_____ | |
| _____ | $_____ | |
| Unsecured, nonpriority claims (as scheduled, unless proof of claim deadline has expired) | | $20,507 |
| Total disbursements by trustee under plan | | $341.78 |

12

**Exhibit B.  Debtor's Liquidation Analysis**

|  | Market Value | Total of Valid Encumbrances | Claimed Exemptions | Equity |
|---|---|---|---|---|

**Real Property Interests** (by parcel, from Schedule A/B, Part 1)

| _____ | $_____ | $_____ | $_____ | |
| _____ | $_____ | $_____ | | |

**Vehicles, Trailers, Etc.** (by item, from Schedule A/B, Part 2)

| 2019 Nissan Altima | $20,000 | $18,000 | $18,000 | $3,000 |

**Personal and Household Items** (not itemized, from Schedule A/B, Part 3)

| $2500 | $_____ | $_____ | $_____ | |

**Financial Assets** (not itemized, from Schedule A/B, Part 4)

| $_____ | $_____ | $_____ | $_____ | |

**Business-related Property** (excluding farm/ranch property; not itemized, from Schedule A/B, Part 5)

| $_____ | $_____ | $_____ | $_____ | |

**Farm/Ranch-related Property** (not itemized, from Schedule A/B, Part 6)

| $_____ | $_____ | $_____ | $_____ | |

**Other Property Interests** (by item, from Schedule A/B, Part 7)

| _____ | $_____ | $_____ | $_____ | $_____ |
| _____ | $_____ | $_____ | $_____ | $_____ |

Total equity: $_____

Less ____% liquidation costs   $_____
Less chapter 7 trustee fees
per 11 U.S.C. § 326(a)   $_____

**TOTAL AVAILABLE FOR DISTRIBUTION**   $ 5,500

13